IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OTIS BRIDGES,
       Petitioner
    v.                              Case No. 3:06-cv-49-KRG-KAP
JOHN YOST, WARDEN, F.C.I.
LORETTO,
       Respondent

## Report and Recommendation

### Recommendation

Petitioner filed a petition under 28 U.S.C. § 2241 seeking reversal or modification of the decision of the United States Parole Commission to incarcerate him for 64 months on a parole violation. I recommend that the petition be denied.

### Report

Petitioner is subject to a 10-30 year sentence imposed by the District of Columbia Superior Court, and his parole is being supervised by the United States Parole Commission. Petitioner was paroled most recently in 1995; the Parole Commission assumed supervisory responsibility in 1998. On December 24, 2003, petitioner was arrested by the District of Columbia Police Department and charged, inter alia, with possession of crack cocaine with intent to distribute. Petitioner had a probable cause hearing on February 3, 2004, and the hearing officer found probable cause that petitioner had violated his parole. Petitioner was tried in the United States District Court for the District of Columbia and acquitted on the criminal charges on September 1, 2004, but the Parole Commission nonetheless pursued charges that

petitioner had by engaging in criminal conduct committed a violation of his parole.

Petitioner's parole revocation hearing had been scheduled before the criminal trial, and after two continuances at the request of defense counsel, it was finally held on December 16, 2004. Although at the previous scheduled hearings a number of the arresting officers were listed as witnesses, at the actual revocation hearing only one of the arresting officers, Officer Fogle, appeared. Petitioner testified and also presented exculpatory statements from a Mr. Boyd and Ms. Lincoln. The hearing examiner found petitioner guilty of two violations of his parole: the more serious charge, possession with intent to distribute, was based on Officer Fogle's testimony; the less serious charge, using dangerous drugs, was based on a urine test which showed positive for opiates. The hearing examiner found petitioner not guilty of other violations for lack of evidence. The Parole Commission ordered petitioner to return to prison for 64 months, at the low end of the guideline range of 64-78 months for the possession with intent to distribute charge. With time served and credit for good conduct, petitioner will be paroled in May 2009.

Petitioner appealed from the parole revocation by administrative appeal, docket no. 10-14, raising claims that (1) the commission discriminated by taking his testimony under oath but

not requiring an oath of Officer Fogle; (2) the Commission erred by accepting the urine test as proof that he used drugs and by not calling his parole officer; (3) the Commission erred in using a preponderance of evidence standard, contradicting the jury's acquittal, and accepting Officer Fogle's false testimony; (4) the 64 month revocation was an abuse of discretion. The National Appeals Board affirmed the revocation on June 15, 2005. docket no. 10-15.

Petitioner made several claims in narrative form in his habeas corpus petition, docket no. 3, some of which could be dismissed for lack of exhaustion before the Commission: (1) that the Commission was vindictive in pursuing this matter despite the jury acquittal and treated him worse as an acquitted parolee that if he had been convicted; (2) the Commission denied him due process by failing to call the other officers who had been scheduled to appear at earlier revocation hearings; (3) the Commission violated his due process rights by not requiring that Officer Fogle be sworn in before testifying; and (4) the National Appeals Board violated his rights by taking more than 60 days to decide his appeal.

Taking the claims in reverse order:

The remedy for a delay in a decision by the National Appeals Board would be an order directing them to reach a prompt decision, not a writ discharging the petitioner;

In Morrissey v. Brewer, 408 U.S. 471, 489 (1972), the Supreme Court held that the Due Process Clause requires only that a parolee be given (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole. The Court specifically emphasized that the parole revocation hearing could not be equated to a criminal prosecution "in any sense." Id. Since the confrontation of witnesses constitutionally required at trial can be dispensed with at a parole hearing for "good cause[1]," Officer Fogle could have submitted an unsworn written statement and need not have

---

1. And that good cause can simply be that the hearsay appears to be reliable. See United States v. Kelley, 446 F.3d 688, 692 n.4 (7th Cir.2006)(collecting cases illustrating various circuits approaches to admission of hearsay in supervised release revocations). As the Supreme Court stated in Gagnon v. Scarpelli, 411 U.S. 778, 783 n.5 (1973), which extended the Morrissey v. Brewer rule to probation revocations:
While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

4

appeared at all. I disapprove of the practice of excusing any witness from the duty of oath or affirmation, but it violated no constitutional or statutory right of petitioner's.

Petitioner's claim that his rights were violated because additional adverse witnesses were not called is frivolous. Petitioner does not allege that his counsel attempted to call favorable witnesses pursuant to 28 C.F.R.§ 2.50(c) and was refused a subpoena without good cause. It is senseless to consider a claim that the prosecution's unobjected to failure to call additional adverse witnesses invalidates the revocation finding. As the Supreme Court has put the point more elegantly in <u>United States v. Valenzuela-Bernal</u>, 458 U.S. 858, 867 (1982), a witness claiming a violation of the right to confrontation "must make some plausible showing" that the missing evidence "would have been both material and favorable to his defense." Petitioner makes no such showing.

Finally, the Commission is not required to defer to the jury, and because the Commission is only required to meet a preponderance of the evidence standard, 28 C.F.R.§ 2.52(a), it is unsurprising that a parole violation is sometimes found despite a jury acquittal. The accusation that petitioner was treated worse than if he had been convicted is merest speculation. A habeas corpus petition is not like a civil complaint: the mere identification of legal concepts, which if they were supported by facts would justify relief, is insufficient. Petitioner does not

identify any evidence in support of his claim of disparate treatment, and without evidence it is merely a plea for this court to substitute its judgment of an appropriate sentence for that of the Commission.

The petition should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: April 2, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Otis Bridges, Reg. No. 03764-016
Rivers Correctional Institution
145 Parkers Fishery Road
Winton, NC 27986